IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| JOHN MELADA, <br>     Plaintiff, <br><br> v. <br><br> GIANT OF MARYLAND, LLC, <br>     Defendant. | * <br> * <br> * <br> *     Case No.: GJH-20-1509 <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff John Melada brings this action against Defendant Giant of Maryland, LLC ("Giant"), alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 to 4333 ("USERRA"). ECF No. 33-1. Presently pending is Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. 33. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant leave to amend.

**I.    BACKGROUND[1]**

Plaintiff Melada is resident of Frederick County, Maryland. ECF No. 33-1 ¶ 1.[2] Plaintiff began working at Giant, a grocery store that operates throughout the Maryland area, in 1990. *Id.* ¶¶ 12, 13. At the time he was hired, he was in the U.S. Army Reserves. *Id.* ¶ 15. He was placed on active duty in support of Operation Iraqi Freedom in 2003 and 2004. *Id.* ¶ 16. He returned to

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's proposed Second Amended Complaint, ECF No. 33-1, and are presumed to be true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

work at Giant after his tour and was promoted to manager in 2009. *Id.* ¶ 14. Plaintiff then went on active duty again in 2012 and 2013. Id. ¶ 15. In 2013, Plaintiff began receiving care from the Veteran's Administration ("VA") for moderate Chronic Obstructive Pulmonary Disease ("COPD"), as well as Chronic Adjustment Disorder with Anxiety and Depression ("Anxiety Disorder") and insomnia. *Id.* ¶¶ 17–19. The conditions are permanent and have been identified as service-connected. *Id.* ¶ 20.

Plaintiff filed suit against Giant in this Court on June 6, 2020, alleging violations of USERRA and the ADA for failure to accommodate his disabilities. ECF No. 1.[3] On September 11, 2020, a few weeks after Giant was served with the lawsuit, Plaintiff was informed that he was under investigation for not properly completing a USCIS I-9 form. ECF No. 33-1 ¶¶ 21, 22. Plaintiff alleges that he has never heard of Giant performing these types of audits, and he did not have any training on completing I-9 forms. *Id.* ¶ 23. On October 8, 2020, Jodie Kans, a Giant Human Resources specialist, visited the store and notified Plaintiff that he was terminated, ostensibly for errors Plaintiff had made on past I-9 forms. *Id.*

Plaintiff filed the First Amended Complaint on October 19, 2020. ECF No. 14. In the First Amended Complaint, Plaintiff included additional allegations concerning his termination. *Id.* Thus, the First Amended Complaint consisted of a failure to accommodate claim under the ADA, a failure to reemploy claim under USERRA, a denial of benefits claim under USERRA, and a retaliation claim under USERRA. *Id.* Giant filed the Motion to Dismiss on October 31, 2020. ECF No. 16.

On July 19, 2021, this Court partially granted the Motion to Dismiss. ECF No. 30. The Court dismissed the ADA reasonable accommodation claim and the USERRA denial of benefits

---

[3] The previous Memorandum Opinion includes additional background on this case. *See* ECF No. 29.

claim. *See id.*[4] Plaintiff also consented to the dismissal of the USERRA failure to reemploy claim without prejudice. *See* ECF No. 29 at 6; *see also* ECF No. 23 at 29. Thus, only Plaintiff's USERRA retaliation claim survived. *See id.* at 18, 20. However, this Court noted that Plaintiff could only bring this retaliation claim on the basis of termination—not on the basis of requesting an accommodation. *See id.*

On October 20, 2021, Plaintiff filed for Leave to File the Second Amended Complaint. ECF No. 33. The Second Amended Complaint adds a claim of retaliatory discharge under the ADA. *Id.* at 1. Giant consents to the addition of the ADA retaliation claim but opposes some of Plaintiff's other modifications. ECF No. 36 at 1.[5]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and

---

[4] Plaintiff requests that the Court clarify that its previous dismissal of Counts I and III in the First Amended Complaint was with prejudice. ECF No. 37 at 1 n.1. The Court grants this request. Counts I and III of the First Amended Complaint were dismissed with prejudice. *See* ECF No. 30.

[5] The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on September 7, 2021. *See* ECF No. 33-2.

accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). The Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court must also "draw all reasonable inferences in favor of the plaintiff." *Id.* at 253 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "[B]ut [the Court] need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Id.* (first alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

**III. DISCUSSION**

Rule 15 "'mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment, etc." *Ward Elecs. Serv., Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

In the proposed Second Amended Complaint, there are two causes of action: retaliation in

violation of the ADA, 42 U.S.C. § 12203(a), and retaliation in violation of USERRA, 38 U.S.C. § 4311(b). *See* ECF No. 33-1. Defendant Giant consents to the addition of the ADA retaliation claim. ECF No. 36 at 1. Giant's opposition is to Plaintiff's proposed modifications to the USERRA retaliation claim. *Id.* at 1.

As this Court explained in its previous Memorandum Opinion, ECF No. 29 at 17, Section 4311(b) prohibits discrimination or the taking of any adverse employment action against someone because that person acted to enforce a protection provided by USERRA or exercised a right under USERRA, 38 U.S.C. § 4311(b). The plaintiff must show that the exercise of the right was "a motivating factor in the employer's action," while the employer, to defeat the plaintiff's claim, must "prove that the action would have been taken in the absence of such person's . . . exercise of a right." 38 U.S.C. § 4311(c)(2). Thus, in order to establish a prima facie case of retaliation, the plaintiff must plausibly allege: (1) that he engaged in statutorily protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *See Clegg v. Arkansas Dep't of Correction*, 496 F.3d 922, 928 (8th Cir. 2007). Moreover, the adverse action must be "materially adverse." *See Lisdahl v. Mayo Foundation*, 633 F.3d 712, 721 (8th Cir. 2011).

The Court decided that Plaintiff could not proceed with the USERRA retaliation claim based on Plaintiff's request for accommodations. ECF No. 29 at 18. The Court explained that "requests for accommodations, even those related to accommodations for service-related disabilities, are not statutorily protected activities under USERRA." *Id.* (citing *McConnell v. Anixter, Inc.*, 2018 WL 4440550, at *4 (D. Neb. Sept. 17, 2018), *aff'd*, 944 F.3d 985 (8th Cir. 2019)). The Court noted, however, that "[f]iling suit against Defendant under USERRA is a statutory protected activity" and "termination is a materially adverse employment action." *Id.*

5

(citing *Bunting v. Town of Ocean City*, 409 F. App'x 693, 695 (4th Cir. 2011); *Crews v. City of Mt. Vernon*, 567 F.3d 860, 869 (7th Cir. 2009)). Finally, this Court found that "[d]rawing inferences in Plaintiff's favor," Plaintiff's termination 45 days after Defendant Giant was served with the lawsuit is "enough to show causation." *Id.* at 19 (collecting cases noting that "very close temporal proximity" between the filing of a lawsuit and an adverse employment action is enough to establish causation). Thus, the Court found that Plaintiff had adequately stated a USERRA retaliation claim based on his termination. *Id.* at 20.

In the Second Amended Complaint, Plaintiff adds some new language in the USERRA retaliation claim. *See* ECF No. 33-3. In the First Amended Complaint, Plaintiff states:

> Plaintiff contends that Defendant's stated reason for his termination is false and pretextual and the true reason for his termination was the filing of his lawsuit and asserting his federally protected rights. Plaintiff was terminated in violation of USERRA's anti-retaliation provisions, 38 U.S.C. § 4311(b).

ECF No. 14 ¶ 119. In comparison, in the Second Amended Complaint, Plaintiff states:

> Plaintiff contends that Defendant's stated reason for his termination is false and pretextual and intentionally designed to hide the true reason for his termination. Plaintiff was terminated in violation of the anti-retaliation provisions of the ADA, 42 U.S.C. § 12203(a), and USERRA, 38 U.S.C. § 4311(b) . . .
>
> Plaintiff contends that Defendant's stated reason for his termination is false and pretextual and willfully intended to hide the true reason for his termination, i.e., the filing of this lawsuit. Plaintiff exercised his right to file this lawsuit alleging USERRA violations, and this lawsuit was a motivating factor in Plaintiff's termination, and Defendant cannot prove it would have terminated the Plaintiff absent his filing of this lawsuit. As such, Plaintiff was terminated in violation USERRA's anti-retaliation provisions, 38 U.S.C. § 4311(b).

ECF No. 33-1 ¶¶ 24, 47.

Giant argues that some of the new language in the Second Amended Complaint indicates that Plaintiff is improperly basing his retaliation claim on other protected activity, "presumably

6

including some or all of the previously dismissed allegations." ECF No. 36 at 2. Giant argues that it is not clear that the alleged "protected activity" in the Second Amended Complaint is "solely" the filing of the lawsuit. *Id.* In response, Plaintiff argues that the "protected activity upon which Plaintiff's lawsuit is based is clearly the filing of this lawsuit." ECF No. 37 ¶ 3. Plaintiff argues that he does not use the word "solely" in the Second Amended Complaint because he is only required to allege that the lawsuit was a "motivating factor" in his termination, not the "sole" factor. *Id.* ¶¶ 10, 11.

In the proposed Second Amended Complaint, Plaintiff alleges that he filed a lawsuit, and that, within weeks of being served, Giant terminated him on pretextual grounds. *See* ECF No. 33-1 ¶¶ 43, 44, 46. Plaintiff alleges that "the true reason" and "motivating factor" for his termination was actually "the filing of this lawsuit." *Id.* ¶ 47. In contrast to the First Amended Complaint, Plaintiff does not rely on any allegations related to accommodations. Further, the Court already explained that a request for accommodations is not a protected activity. ECF No. 29 at 18.

Plaintiff alleges a "statutorily protected activity," an "adverse employment action," and a "causal connection" in the Second Amended Complaint. *See Clegg*, 496 F.3d at 928; *see also Kitlinski v. United States Dep't of Just.*, 994 F.3d 224, 230 (4th Cir. 2021), *cert. denied sub nom. Kitlinski v. Dep't of Just.*, 142 S. Ct. 778, 211 L. Ed. 2d 486 (2022) (a plaintiff must show that "prior USERRA-protected activity was a motivating factor in his termination."). Plaintiff has adequately pleaded a USERRA retaliation claim. Thus, the Court finds that there is no bad faith, prejudice, futility, or any other reason to deny the Motion for Leave to Amend. The Motion must be granted so that Plaintiff can "be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

## IV.     CONCLUSION

For the reasons above, the Motion for Leave to Amend is granted, and the Second Amended Complaint will be docketed as the operative complaint. A separate Order follows.


Dated: June 28, 2022                                         /s/
                                                                         GEORGE J. HAZEL
                                                                         United States District Judge