IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN MELADA,** | * |
| Plaintiff, | * |
| v. | * Civil No. **20-01509 PJM** |
| **GIANT OF MARYLAND, LLC,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

This is an appeal objecting to an Order of Magistrate Judge Gina Simms, dated April 17, 2023, Document 101, apparently refusing to permit Plaintiff's counsel to ask a question of Defendant's Human Resources Officer Jodie Kans "whose idea it was to review" certain Forms USCIS I-9 completed in whole or part by Plaintiff, a former employee of Defendant.

Plaintiff John Melada was a long term employee of Defendant Giant Food of Maryland, LLC in Prince George's County, who was hired in 1990 and terminated in 2020, serving, in his last stretch, as a manager. Following his termination, Plaintiff eventually sued Defendant administratively and before this Court for retaliatory discharge under the Americans with Disabilities Act, 4L U.S.C. § 12-101 et seq and the Uniformed Services Employment and Reemployment Rights Act of 1994, §38 U.S.C. §430-§4333.

Discovery has been full of sound and fury signifying – to be frank – not all that much. While the Magistrate Judge does not expressly say in her challenged Order that Plaintiff's counsel cannot ask Jodie Kans, Defendant's Human Resource person, "Whose idea was it", etc., what is clear is that Kans was the one who decided to investigate other instances related to the instance of Plaintiff's original purported misconduct. And since it is also clear that, if whosever idea was to

1

investigate it was not an attorney, there would not be the least basis for Kans to refuse to answer because there would be no privilege of any sort to assert.

So it can only be assumed that, almost certainly, it was defense counsel whose "idea" it was to investigate related instances of Plaintiffs purported misconduct with the USCIS Forms I-9. But that being so, there can be no doubt that this was simply "business advice" given by counsel, not legal advice, and therefore was and is in no way privileged. Not every attorney-client communication is privileged and business advice definitely is not. The Court endorses Plaintiff's authorities to the effect that business advice from an attorney to a client about how to conduct human resources investigations is not privileged:

"To justify a claim of attorney-client privilege, the withholding party must show that withheld statement or documents is a confidential communication between counsel and client " 'made primarily for the purpose of obtaining legal advice or services from an attorney.' " *Addi v. Corvias Management-Army, LLC*, 339 F.R.D. 594, 597 (D. Md. 2021) (*quoting Agropex Int'l, Inc. v. Access World (USA), LLC*, 2021 WL 3090901, at *1 (D. Md. May 20, 2021)). It is well-settled that "[c]ommunications are not privileged merely because one of the parties is an attorney or because an attorney was present when the communications were made." U.S. v. Cohn, 303 F. Supp. 2d 672, 683, 684 (D. Md. 2003) (*citing Neuder v. Battelle Pacific Northwest National Laboratory*, 194 F.R.D. 289, 293 (D.D.C. 2000)). " 'When the legal advice is merely incidental to business advice, the privilege does not apply.' " Cohn, 303 F. Supp. 2d at 683-84 (*quoting Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197 (D. Kan. 1993))."

It is not unreasonable to ponder what the revelation of defense counsel's advice to Ms. Kans would add to Plaintiff's case, but that is by no means the measure of its disclosability vel

2

non. The advice remains relevant especially during the discovery phase, even if not admissible at trial. The short of the matter is that Plaintiff may be able to convince the trier of fact that Defendant, through Kans or otherwise, was looking for pretextual reasons to terminate him beyond the initial cause he may have given for concern, which Plaintiff would argue was in actuality seeking firmer grounds for his firing; in other words, for retaliating against him for his complaint of discrimination. On the other hand, Defendant could argue that, where it legitimately smelled smoke, there must have been fire – so it undertook a more comprehensive review of several of Plaintiff's performances in the past. In any event, the question of "Whose idea was it" was a proper question to ask of Kans and the Magistrate Judge's decision is therefore REVERSED to the extent that it indicated otherwise. Plaintiff's counsel may so inquire.[1]

There is also the matter of the Magistrate Judge's suggestion that Plaintiff's counsel was out of line for failing to "sufficiently meet and confer" with defense counsel over this particular discovery dispute. The Court rejects that suggestion. Plaintiff's counsel is entirely correct that counsel is not obligated to reach a compromise on a discovery dispute if, after indicating good faith adherence to a particular position to opposing counsel, counsel sticks by his or her original position. But there had better be good faith in counsel's sticking to his guns. The Court finds that Plaintiff's counsel acted in good faith here. Accordingly, the Magistrate Judge's finding that Plaintiff's counsel deserved any sort of demerit regarding meeting or conferring or not

---

[1] A reasonable number of follow-up questions by Plaintiff's Counsel would also be in order, e.g.

- What are the names of any attorneys who have told you to investigate additional Forms USCIS?
- When and where did the referenced communication take place? (If you were so advised by e-mail or letter please indicate the name of the attorney who sent you the e-mail or letter).
- If any attorney told you to investigate additional USCIS Forms I-9, did they tell you why? What exactly did the attorney tell you?

3

compromising with defense counsel on the disputed discovery matter was unfounded and is VACATED.

A separate Order will be entered.

June 28, 2023

                                                PETER J. MESSITTE
                                        UNITED STATES DISTRICT JUDGE