IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN MELADA,<br><br>    Plaintiff,<br><br>v.<br><br>GIANT OF MARYLAND, LLC,<br><br>    Defendants. | Civil No. **20-01509-PJM** |

## MEMORANDUM OPINION

This is an appeal from an Order of Magistrate Judge Gina Simms, dated November 8, 2022, ECF No. 75, sanctioning Defendant Giant of Maryland, LLC, for failing to appear at a corporate designee deposition without having filed an appropriate Motion for Protective Order. The MJ ordered Giant to pay reasonable attorneys' fees and expenses incurred by Melada's counsel, specifically with respect to time counsel spent writing and filing his Opposition to defense counsel's objections. Giant also objects to the amount of attorneys' fees Melada requests.

John Melada, a long-term employee of Giant in Prince George's County, was hired in 1990 and terminated in 2020, serving, in his last position, as a manager. Following his termination, Melada sued Giant administratively, then in this Court, for retaliatory discharge under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* and the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 to 4333.

In this Court's Memorandum Opinion dated June 28, 2023, deciding an appeal by Melada from a separate discovery dispute between these parties, the Court noted that "discovery has been full of sound and fury signifying – to be frank – not all that much." ECF No. 107. Again the Court is asked to decide an appeal tied to another discovery dispute that is largely "sound and fury" without much substance. Giant argues that the MJ's Order granting in part Melada's Motion for Sanctions should be vacated because it is clearly erroneous and unjust, in view of the fact that both parties at various points throughout discovery failed to comply with the Federal and Local Rules of Procedure, whereas only Giant was sanctioned. Melada asks the Court to affirm the MJ's Order because it was within her discretion to sanction Giant for failing to comply with the Court's rules, and pursuant to that Order, he asks the Court to affirm the MJ's award of $5,225.00 in attorneys' fees or compensation for 11.0 hours of work billed at $475/hour. In the event the award of sanctions is affirmed, Giant argues that Melada's counsel should be compensated at no more than $400/hour, for a total award of $4,400.00 (a difference of $825).

Having considered the parties' arguments, no hearing being necessary, the Court **AFFIRMS** the MJ's decision granting Melada's Motion for Sanctions and **GRANTS** Melada's Motion for Attorney Fees.

## I. Order on Melada's Motion for Sanctions (ECF No. 75)

Under Fed. R. Civ. P. 72(a), a district court "must consider timely objections" to a U.S. magistrate judge's order on non-dispositive, pretrial matters and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Stone v. Trump*, 356 F.Supp.3d 505, 511 (D. Md. 2018). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F.Supp.3d 465, 479 (D. Md. 2014). Under the clearly erroneous standard,

the reviewing court does not ask whether a finding is "the best or only conclusion permissible based on the evidence." *In re Subpoena of Am. Nurses Ass'n*, No. 08-CV-0378, 2013 WL 5741242, at *1 (D. Md. Aug. 8, 2013) (quoting *Huggins v. Prince George's Cty.*, 750 F.Supp.2d 549, 559 (D. Md. 2010)). The court will affirm findings of fact "unless [the court's] review of the entire record leaves [it] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Having reviewed the record and the briefing of the parties, the Court concludes that there was neither clear error nor an abuse of discretion by the MJ in sanctioning Giant. The record shows that Giant filed a non-compliant Motion for Protective Order by failing to attach a certificate of conferral to the Motion, in violation of the requirements set forth in Fed. R. Civ. P. 30(b)(6) and Local Rule 104.7.[1] *See* ECF No. 48. Giant argues that its failure to comply with the Court's rules was substantially justified and that MJ Simms erroneously found that the parties failed to meet and confer in good faith prior to the filing of the Motion. The Court disagrees.

Like the MJ, the Court finds that the one-hour meeting that took place between counsel for the parties, at which only one of the thirteen (13) discovery topics was discussed, does not fulfill the standard for a good faith meet and confer prior to filing a Motion for Protective Order.

---

[1] Fed. R. Civ. P. 30(b)(6) requires in relevant part that: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."

Maryland Local Rules 104.7 requires that:
> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. A "reasonable effort" means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

3

Similarly, there is no evidence of any further efforts by Giant's counsel to meet and confer, nor has Giant shown that there was a good faith effort on its part to resolve the outstanding discovery issues prior to the filing of the Protective Order. While the MJ acknowledged in her telephone conference with counsel held on November 4, 2022 that both sides throughout discovery had engaged in an uncompromising campaign of non-cooperation and, repeatedly, had not interacted in a productive and professional manner, *see generally* ECF No. 88, the MJ was acting within her discretion to sanction Giant for failing to follow the Court's rules. The record indicates that the MJ in fact found Giant to be the greater of the two offenders, choosing to sanction Giant's behavior in consequence. Ultimately, the role of a magistrate judge presiding over the discovery process is to move the litigation along and help resolve and avoid disputes that unnecessarily prolong the proceedings. The MJ fairly exercised her power to that end.

Accordingly, the Court **AFFIRMS** MJ Simms' decision with respect to sanctions.

## II. Melada's Interim Fee Petition Pursuant to Court Sanction Award (ECF No. 82)

Having decided to affirm the MJ's decision imposing sanctions on Giant, the Court considers what would be a reasonable amount of attorneys' fees to be awarded Melada.

In calculating the award of attorneys' fees, a court ordinarily first determines the lodestar amount, *i.e.*, a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). A court may then be guided by *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See A.D. v. AD ex rel. SD v. Bd. of Pub. Educ. of City of Asheville*, 99 F. Supp. 2d 683, 687 (W.D.N.C. 1999) (recognizing that the twelve-factor test set forth in *Johnson* is "well settled law in the Fourth Circuit.").

The Court turns first to the Maryland Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, which set out reasonable hourly rates for attorneys of various experience levels. Melada's counsel, Howard Hoffman, Esquire, was admitted to the Maryland bar in 1999 and admitted to the bar of this Court in 2000. Thus he has more than twenty-three (23) years of experience. ECF No. 82 at 3. For an attorney admitted to the bar for twenty (20) years or more, an appropriate hourly rate under the Guidelines is $300-475. Dist. Ct. Rules Md. App. B (3)(e). Hoffman is requesting that the Court award him attorneys' fees at an hourly fee of $475, the upper boundary. The Court finds this reasonable given that (1) the rate is within the acceptable range provided by the Guidelines; (2) Hoffman has particular expertise in employment law; (3) he has had a long and continuous relationship with Melada; and (4) his fee with Melada is contingent in part on the overall success of the litigation (which, of course, would not be payable if Giant ultimately prevails in the litigation).

In its recent decision in *Reyes v. Bd. of Ed. for Prince George's County Public Schools, et. al.*, Civ. No. 20-3565, 2023 WL 415527 (D. Md. Jan. 25, 2023) the Court approved the proposed attorney billing rates of $250/hour for the attorney's attendance at IEP meetings on behalf of a student under the IDEA, $450/hour for time spent in administrative litigation, and $550/hour for litigating in Federal Court. Although the Court noted in *Reyes* that the proposed billing rates were somewhat high, it accepted an affidavit provided by plaintiff establishing that the billing rates beyond the Guideline range were still reasonable. Unlike in *Reyes*, Melada's counsel, Hoffman, is not claiming an hourly rate beyond the suggested Appendix B range; therefore, the Court accepts the hourly rate proposed by Hoffman as reasonable.

The Court also finds that the number of hours Hoffman asks to be compensated for is appropriate. In the Court's experience, eleven (11) hours would reasonably be necessary to

perform the legal research, writing, and editing required to produce pleadings of the sort Hoffman filed. Significantly, the MJ had already reduced the number of attorney hours she felt should be allowed in awarding Melada attorneys' fees by limiting the fee request to one timekeeper, and slashing the total time purportedly spent in preparing and filing the relevant pleadings from 25.8 hours to 11 hours. Accepting 11 hours as reasonably spent and multiplying that number by the indicated hourly rate for an attorney of Hoffman's experience, the lodestar amount would be $475/hour x 11.0 hours = $5,225.00, the total amount requested by Melada.

Having determined a lodestar amount, the Court could further engage with the *Johnson* factors. However, an analysis of each of the *Johnson* factors would add little to the analysis. The Court is not dealing with the calculation of total attorneys' fees following a full-blown trial and verdict; this is a limited interim discrete fee petition dispute. Indeed, Giant's decision to spend nine pages opposing the fee petition ends up proposing a fee reduction of a mere $825. Still too much sound and fury. An elephant has given birth to a mouse.

### III. Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Decision granting in part the Motion for Sanctions and **GRANTS** Melada's Interim Fee Petition. Giant is ordered to pay $5,225.00 in attorneys' fees to Melada.

A Separate Order will **ISSUE**.

August 25, 2023

PETER J. MESSITTE
U.S. DISTRICT JUDGE

6